UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAJH DION WEATHERSPOON,

    Defendant.

Case No. 2:16-cr-00377-HDM-CWH
Case No. 2:20-cv-01133-HDM

ORDER

Before the court is defendant Tajh Dion Weatherspoon's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 103). The government has responded (ECF No. 105), and Weatherspoon has replied (ECF No. 106).

**I. Factual and Procedural Background**

On December 28, 2016, Weatherspoon was charged by way of indictment with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (ECF No. 1). A superseding indictment later added a second count of felon in possession of a firearm. (ECF No. 35). Weatherspoon went to trial on Count One of the indictment and was found guilty. (ECF No. 63). Following the guilty verdict, Weatherspoon entered a plea of guilty to Count of Two. (ECF No. 67). The court thereafter sentenced Weatherspoon to 120-month concurrent prison terms for each count. (ECF Nos. 80 & 81).

Section 922(g) prohibits the possession of a firearm by several categories of persons, including any person who has been convicted in any court of a crime punishable by a term of more

1

than one year in prison. 18 U.S.C. § 922(g)(1). At the time of his conviction, Weatherspoon had two prior felony convictions: (1) attempted burglary; and (2) ex-felon in possession of a firearm. When Weatherspoon was charged and convicted in this case, the government was not required to prove that he knew he was a felon. *United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003). But after Weatherspoon was sentenced, the U.S. Supreme Court concluded that a defendant may be convicted under § 922(g) only if the government proves that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). On the basis of *Rehaif* and the government's failure to charge his knowledge of status, Weatherspoon now moves to vacate his conviction.

## II. Standard

Pursuant to 28 U.S.C. § 2255, a federal inmate may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255(a).

## III. Analysis

Weatherspoon argues that the omission of the *Rehaif* element from the indictment violated his Fifth Amendment rights guaranteeing that a grand jury find probable cause to support all the necessary elements of the crime and to not be tried on a fatally defective indictment and his Sixth Amendment right to

notice of the charges.[1] He alleges that the defective indictment also deprived the court of jurisdiction. Further, Weatherspoon asserts that his plea was not knowing and voluntary due to the absence of the *Rehaif* element and that his trial conviction violated his due process rights because the jury instructions lacked the *Rehaif* element, and the government did not prove, nor did the jury find, the *Rehaif* element was satisfied.

A. Conviction by Guilty Plea

Weatherspoon pleaded guilty to Count Two without the benefit of a plea agreement. The plea was not conditional, and "[a]n unconditional guilty plea waives all non-jurisdictional defenses and cures all antecedent constitutional defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Espinoza*, 816 Fed. App'x 82, 85 (9th Cir. June 1, 2020) (unpublished disposition) (unconditional plea waiver precludes all Fifth and Sixth Amendment claims except to the extent they contest the court's jurisdiction or the voluntariness of the plea).[2] Thus, as to Count Two, Weatherspoon's plea bars his claims of constitutional deprivations that occurred prior to entry of the

---

[1] Although Weatherspoon's motion also alleges violation of his Sixth Amendment right to effective assistance of counsel, Weatherspoon clarifies in his reply that he alleges deprivation of counsel only to show the prejudice that resulted from the defect in the indictment and that it is not a standalone claim.

[2] The court agrees with the well-reasoned opinions of several courts that none of the exceptions under *Tollett* to the collateral challenge waiver applies in this case. *See, e.g.*, *United States v. Kelbch*, 2021 WL 96242, at *2 (D. Nev. Jan. 7, 2021).

3

plea except to the extent the claims allege the court lacked jurisdiction or that his plea was not knowing and voluntary.

As to Weatherspoon's jurisdictional argument, it is without merit. The omission of an element from the indictment does not affect the court's jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630 (2002); *United States v. Ratigan*, 351 F.3d 957, 962–63 (9th Cir. 2003); *see also United States v. Jackson*, 2020 WL 7624842, at *1 (9th Cir. Dec. 22, 2020) (unpublished disposition) (rejecting the defendant's argument that omission of the *Rehaif* element deprived the district court of jurisdiction); *United States v. Burleson*, 2020 WL 4218317, at *1 (July 23, 2020) (unpublished disposition) (same); *Espinoza*, 2020 WL 2844542, at *1 (same); *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020); *United States v. Hobbs*, 953 F.3d 853, 856 (6th Cir. 2020); *United States v. Balde*, 943 F.3d 73, 88-92 (2d Cir. 2019); *United States v. Burghardt*, 939 F.3d 397, 402 (1st Cir. 2019). *Cf. United States v. Singh*, 979 F.3d 697, 730 (9th Cir. 2020) (on direct appeal, reviewing omission of *Rehaif* element from indictment for plain error). The indictment otherwise sufficiently states a cognizable criminal offense: possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Weatherspoon's claims that the court lacked jurisdiction and that the indictment was deficient are moreover procedurally defaulted. "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate" either "cause excusing his procedural default, and actual prejudice resulting from the claim of error," *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993), or that he is

actually innocent of the offense, *Bousley v. United States*, 523 U.S. 614, 622 (1998). "[C]ause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Actual prejudice "requires the petitioner to establish 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (internal citation omitted).

Weatherspoon could have raised his claims regarding the indictment on direct appeal, but he did not do so. Those claims are therefore procedurally defaulted. It is unnecessary to resolve whether Weatherspoon can demonstrate cause for the default, because even if he could, he cannot demonstrate prejudice.[3]

First, Weatherspoon admitted at his change of plea that he knew it was unlawful for him to possess the firearm and that at the time he possessed the firearm he had been previously convicted of a felony. The court is not persuaded by Weatherspoon's argument that he never admitted he knew *at the time he possessed the firearm* that it was unlawful for him to do so. Nevertheless, even if he had not made this direct admission, Weatherspoon's criminal record forecloses any argument that he was unaware of his status as a convicted felon at the time he possessed the firearms in question. Weatherspoon committed the offenses in this case after receiving a 12- to 36-month sentence for attempted burglary and a 12- to 32-

---

[3] Weatherspoon does not argue actual innocence.

5

month sentence for ex-felon in possession of a firearm. (PSR ¶¶ 43 & 52). As such, there is no reasonable possibility Weatherspoon did not know he had been convicted of a crime punishable by more than a year in prison. He cannot therefore show that the results of the proceedings would have been any different – *i.e.*, that he would not have entered a plea of guilty to Count Two and would not have been convicted under Count One -- had the indictment contained the *Rehaif* element.

Weatherspoon argues that he suffered prejudice because he was convicted by a court lacking jurisdiction. For the reasons previously discussed, this argument is without merit because the errors Weatherspoon complains of did not deprive the court of jurisdiction. Weatherspoon additionally argues that he was prejudiced because the defect deprived him of effective assistance of counsel. For the reasons already discussed, he cannot show a reasonable probability of a different outcome had the *Rehaif* element been included in the indictment, and thus he has not established prejudice on this basis.

Weatherspoon alternatively argues that he is not required to demonstrate prejudice to obtain relief because the omission is structural error.

"[C]ertain errors, termed structural errors, might affect substantial rights regardless of their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (internal punctuation and citations omitted). Thus, structural error "warrant[s] habeas relief without a showing of specific prejudice." *United States v. Withers*, 638 F.3d 1055, 1063-64 (9th Cir. 2011). "But structural errors are a very limited class

of errors that affect the framework within which the trial proceeds, such that it is often difficult to assess the effect of the error." *Marcus*, 560 U.S. at 263 (internal punctuation and citations omitted). Cases in which the Supreme Court has found structural error include total deprivation of counsel, lack of an impartial trial judge, violation of the right to a public trial and an erroneous reasonable-doubt instruction. *See id.* (discussing cases). In contrast, errors that have been found to be non-structural include where the court instructed on an invalid alternative theory of guilt, gave an instruction omitting an element of the offense, or erroneously instructed the jury on an element. *Id.* at 264 (discussing cases).

The Ninth Circuit has not yet addressed in a published opinion whether omission of the *Rehaif* element from the indictment is structural error. But it has held that the error is not structural in at least one unpublished decision. *See United States v. Jackson*, 2020 WL 7624842, at *1 n.1 (9th Cir. Dec. 22, 2020). And the First, Third, Fifth, Seventh, Eighth, and Tenth Circuits have concluded that *Rehaif* errors are not structural. *United States v. Patrone*, 985 F.3d 81, 86 (1st Cir. 2021); *United States v. Nasir*, 982 F.3d. 144, 171 n.30 (3d Cir. Dec. 1, 2020); *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020); *United States v. Payne*, 964 F.3d 652, 657 (7th Cir. 2020); *United United States v. Coleman*, 961 F.3d 1024, 1030 (8th Cir. 2020); *States v. Trujillo*, 960 F.3d 1196, 1207 (10th Cir. 2020); *see also United States v. Hill*, 2020 WL 7258551, at *2 n.3 (3d Cir. Dec. 10, 2020) (unpublished disposition); *United States v. Watson*, 820 Fed. App'x 397, 400 (6th Cir. 2020) (unpublished disposition); *United States v. Brown*,

2021 WL 1955859, at *6 (11th Cir. May 17, 2021) (unpublished disposition).[4] This court agrees with the well-reasoned opinions of these courts and concludes that omission of the *Rehaif* element from the indictment does not fall within the limited class of errors the Supreme Court has found to be structural, at least where the error has not been timely challenged.[5]

Weatherspoon's claim that his guilty plea violated his due process rights because it was not knowing and voluntary is likewise without merit.[6] Weatherspoon asserts that his plea was not knowing and voluntary because neither he, his counsel nor the court understood all the elements of the offense to which he was pleading. A claim of a due process violation is subject to the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). *See United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003); *see also United States v. Session*, 2020 WL 6381353, at *2 (N.D. Cal. Oct. 30, 2020). Thus, even assuming a defendant establishes a due process violation, he is entitled to relief only

---

[4] The Fourth Circuit has reached the opposite conclusion. *United States v. Gary*, 954 F.3d 194, 206 (4th Cir. 2020), *cert. granted United States v. Gary*, 141 S. Ct. 974 (2021).

[5] While there is case law holding that defects in the indictment are structural error, those cases apply only where the claim is timely raised. *See, e.g.*, *United States v. Du Bo*, 186 F.3d 1177, 1179 & 1180 n.3 (9th Cir. 1999) ("We hold that, if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment. . . . Untimely challenges to the sufficiency of an indictment are reviewed under a more liberal standard."). Weatherspoon's claim here was not timely raised.

[6] Weatherspoon correctly argues that the government's procedural default argument was not extended to this claim and is therefore waived.

8

if the error had a "substantial and injurious effect" on the proceedings. *Brecht*, 507 U.S. at 623. In this context, the question is whether there is a reasonable probability that Weatherspoon would have declined to enter a guilty plea had he been aware the government was required to prove the *Rehaif* element. *See United States v. Flynn*, 316 Fed. App'x 658, 659-60 (9th Cir. 2009) (unpublished disposition). *Cf. United States v. Espinoza*, 2020 WL 2844542, at *1 (9th Cir. 2020). For the reasons identified above with respect to the showing of prejudice, the court concludes Weatherspoon cannot show that he would not have entered a plea had he been aware of the *Rehaif* element.

Weatherspoon asserts that this error was structural and that a showing of prejudice is not required. The court does not agree that such an error, at least in the context of this case, amounts to structural error, and therefore finds Weatherspoon's argument in this respect to be without merit. *See e.g., Ibarra v. United States*, 2020 WL 7385713, at *6 (W.D. Wash. Dec. 16, 2020).

B. Conviction by Jury Verdict

Weatherspoon argues that his conviction under Count One violates his due process because the government did not prove, and the court did not instruct the jury on or require the jury to find, the *Rehaif* element. This claim, like Weatherspoon's attack on his guilty plea, is subject to the harmless error standard and thus, Weatherspoon is entitled to habeas relief only if the error has a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 627, 637; *see also United States v. Rodrigues*, 678 F.3d 693, 695 (9th Cir. 2012) (instructional error subject to the Brecht harmless error

standard). For the reasons set forth above, Weatherspoon has not made this showing. Not only did Weatherspoon admit to this court that he was aware of his felon status, but he had been twice convicted and sentenced to prison terms exceeding 12 months. Thus, there is no reasonable probability the outcome of the trial would have been different had the jury been instructed on, and the government required to prove, the *Rehaif* element.

Defendant asserts omission of the element from the jury instructions is structural error, relying on *United States v. Becerra*, 939 F.3d 995, 1006 (9th Cir. 2019). Weatherspoon's reliance on *Becerra* is unavailing. In *Becerra*, the Ninth Circuit held that the complete failure to orally instruct the jury amounted to structural error. That is not the error alleged here. In fact, *Becerra* explicitly recognized that "[o]mission of a single element of the charged offense from the jury instructions is error, but not structural error." *Id.* at 1003. *Cf. United States v. Gear*, 2021 WL 163090 (9th Cir. Jan. 19, 2021) (reviewing *Rehaif* error in jury instructions for plain error). The error is not structural, and Weatherspoon's failure to demonstrate prejudice defeats this due process claim.

Weatherspoon also asserts that the prosecutor's statement in closing that the jury was not required to find Weatherspoon knew of his felon status violated his rights. However, like the jury instruction error, prosecutor misconduct is also subject to the harmless error standard. *Darden v. Wainwright*, 477 U.S. 168, 181-83 (1986). For the reasons already set forth, Weatherspoon cannot demonstrate a substantial and injurious effect on the jury's verdict resulting from the prosecutor's statement.

C. The *Rehaif* Element

Finally, Weatherspoon argues that *Rehaif* requires the government to prove not only that he knew that he was a convicted felon but also that he knew he was barred from possessing firearms. Notwithstanding the fact that Weatherspoon admitted to the court that he knew he was barred from possessing a firearm and his criminal history amply supports an inference that he was aware of his felon status, Weatherspoon's legal argument is also without merit. *United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020) ("[The defendant] contends that *Rehaif* requires the Government to prove he knew not only his status, but also that he knew his status prohibited him from owning a firearm. But this interpretation is not supported by *Rehaif* . . . .").

**IV. Conclusion**

Accordingly, because the claims raised in Weatherspoon's § 2255 motion are waived, procedurally defaulted and/or without merit, IT IS THEREFORE ORDERED that the motion to vacate, set aside or correct sentence (ECF No. 103) is hereby DENIED.

IT IS FURTHER ORDERED that Weatherspoon is DENIED a certificate of appealability, as jurists of reason would not find the court's denial of the motion to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly.

IT IS SO ORDERED.

DATED: This 24th day of May, 2021.

*[signature: Howard D. McKibben]*

UNITED STATES DISTRICT JUDGE